STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI (State Bar No. 165996))
MARCOS D. SASSO (State Bar No. 228905)
A. R. KACHADOORIAN (State Bar No. 240601)
2029 Century Park East, Suite 1800
Los Angeles, California 90067-3086
Telephone: 310-556-5800
Facsimile: 310-556-5959
lacalendar@stroock.com

Attorneys for Defendant
CITIBANK (SOUTH DAKOTA), N.A.,
erroneously sued as CITI BANK

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEOFFREY D. LEVINE,<br><br>Plaintiff,<br><br>vs.<br><br>CITI BANK,<br><br>Defendant. | **Case No. 07 CV 2032 WQH CAB**<br><br>[Assigned to the Honorable William Q. Hayes, Courtroom 4]<br><br>**REPLY OF DEFENDANT CITIBANK (SOUTH DAKOTA), N.A. IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S RESPONSE TO CHANGE OF JURISDICTION**<br><br>**<u>Hearing:</u>**<br>**Date: December 3, 2007**<br>**Time: 11:00 a.m.**<br>**Ctrm: 4**<br><br>**NO ORAL ARGUMENT REQUIRED**<br>**NO APPEARANCES REQUIRED**<br><br>Action Filed: September 21, 2007 |

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## I. INTRODUCTION AND BACKGROUND

Defendant Citibank (South Dakota), N.A., erroneously sued as Citi Bank ("Citibank"), hereby responds to the Response to Change of Jurisdiction (the "Response") filed by plaintiff Geoffrey D. Levine ("Plaintiff") and dated December 3, 2007.[1] As an initial matter, to the extent that Plaintiff intends the Response to constitute an opposition to Citibank's Motion to Dismiss (the "Motion"), the Response is untimely. Pursuant to Civil Local Rule 7.1.e.2, Plaintiff was required to file his opposition no later than November 19, 2007 and to serve a copy of his opposition on Citibank no later than November 16, 2007 (if served by mail) or November 19, 2007 (if served by hand or electronically). Plaintiff failed to file and serve an opposition.[2] On November 26, 2007, Citibank filed a Reply in support of the Motion, requesting that the Court deem the Motion unopposed and dismiss Plaintiff's Complaint. [See ECF Docket No. 5.]

Even if the Court were to consider the Response, the Motion still must be granted. Notwithstanding that the Response is untimely, the Response provides no basis for allowing this action to proceed. The Response is ineffective to oppose the Motion, and indeed is simply inaccurate, on numerous grounds, as discussed below. Accordingly, Citibank respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in its entirety, with prejudice and without leave to amend.

## II. ARGUMENT

### A. Citibank Properly And Timely Served Its Motion To Dismiss On Plaintiff.

Citibank served Plaintiff with its moving papers in the manner and at the time required by the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff's assertion to the contrary is wholly without merit.

Under the rules governing non-electronic service of documents, service of all papers subsequent to the initial Complaint must occur in one of several ways: (1) personally delivering

---

[1] All terms are used herein as defined in the Motion, unless otherwise noted.

[2] The Court indicated in scheduling the hearing date that the Motion will not be argued orally and that the parties are not to appear on the scheduled time and date.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067 3086

the documents to a party at the residence or the place of business; (2) mailing a copy of the documents to the party's last known address; (3) leaving a copy of the documents with the court clerk; or (4) delivering copies by any other means agreed to in writing by the parties. See Fed. R. Civ. P. 5(a), (b); Civ. L.R. 4.1(d) (providing that service of pleadings subsequent to the complaint occur in the manner prescribed by Federal Rule of Civil Procedure 5).[3] Furthermore, parties must serve a notice of motion and motion on the adverse party at least twenty-eight calendar days before the date on which the motion hearing is scheduled to occur. Civ. L.R. 7.1.e.1. When service occurs by mail, the moving papers must be filed at least thirty-one days before the hearing date. See Fed. R. Civ. P. 6(e) (providing that, where service occurs by mail, three days are added to the time in which an event must occur).

In accordance with the foregoing rules, on October 25, 2007, Citibank filed the Motion and caused to be served by mail on Plaintiff a copy of: (1) the Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of the Motion; and (3) the Proposed Order Granting the Motion. Citibank served Plaintiff at the address Plaintiff provided on the Claim and ORDER to Go to Small Claims Court (the "Complaint") that Plaintiff filed in state court on September 21, 2007 and by which Plaintiff commenced this action.[4] No other address has been provided for Plaintiff.

Moreover, Citibank timely served its moving papers. The hearing on the Motion was scheduled for December 3, 2007, thirty-nine days following the date on which the Motion was filed and copies of each of the moving papers were deposited in the mail. The hearing date is conspicuously identified on the face of the Motion and related papers. Plaintiff therefore timely possessed the information necessary to file and serve a response to Citibank's Motion in the time

---

[3] In cases subject to electronic filing requirements, a notice of electronic filing generated by the Court's Electronic Filing System constitutes service. However, where, as here, a party is not registered for electronic filing, service must occur by other means authorized by the Federal Rules of Civil Procedure and the Civil Local Rules. Civ. L.R. 5.4.c.

[4] On October 19, 2007, Citibank removed this action from state court to this Court and simultaneously properly served Plaintiff by mail with copies of Citibank's: (1) federal Notice of Removal; (2) state Notice of Filing Notice of Removal; (3) Civil Case Cover Sheet; and (4) Notice of Interested Parties at the address indicated on the proof of service of each of the removal papers.

frame prescribed by the Local Rules -- November 16, 2007 (if service was to occur by mail) or November 19, 2007 (if service was to occur personally or through the Court's electronic case filing system).

Accordingly, the Court should reject Plaintiff's assertion as to the propriety and timeliness of the Motion's service and grant the Motion in its entirety.

**B. The Complaint Contains Only Claims For Violation Of The FCRA And Usury.**

In the Complaint, Plaintiff alleges only two claims against Citibank: (1) violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"); and (2) usury based upon the interest rate allegedly assessed on Plaintiff's credit card account. Plaintiff chiefly alleges that Citibank supposedly owes him $7,500 "due to multiple violations of the [FCRA], deliberate misbilling at a userous [sic] 32% APR, and punitive damages." Complaint, SC-100, Item 3(a), (b). Plaintiff asserts no other facts or legal claims in the Complaint.

To save his Complaint, Plaintiff attempts to rely on new "facts" or claims in his Response. Plaintiff asserts, without citing to the Complaint, that this action involves claims under California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.33 (the "RFDCPA"). The Complaint does not include any factual allegations regarding any debt collection conduct. Nor does the Complaint identify any state or federal debt collection statute under which Plaintiff purports to assert a claim. It is fundamental that Plaintiff is not entitled to amend his Complaint in his Response to the Motion to Dismiss. See Perkins v. Silverstein, 939 F.2d 463, 471 n.6 (7th Cir. 1991) ("As a general rule, a complaint may not be amended by briefs in opposition to a motion to dismiss"); Barbera v. WMC Mortg. Corp., No. C04 3738 SBA, 2006 WL 167632, at *2 n.4 (N.D. Cal. Jan. 19, 2006) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss") (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)); accord Sathianathan v. Smith Barney, Inc., NO. C 04-2130 SBA, 2004 WL 3607403, *9 (N.D. Cal. Jun 6, 2004). Instead, the Complaint must be evaluated based upon the allegations it now contains, and those allegations fail to state any claim against Citibank as a matter of law.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067 3086

**C. In Any Event, Plaintiff Fails To Address The Arguments In Citibank's Motion.**

Plaintiff's Response does not address any of the Motion's grounds for dismissing the Complaint. Instead, the Response abandons the Complaint's allegations altogether and makes no attempt to rescue them from dismissal. Under the only allegations plead in the Complaint, Plaintiff states no claim against Citibank.

First, the Response does not dispute that the Complaint's allegations do not support an FCRA violation as a matter of law. As established in the Motion, the Complaint fails because: (1) the Complaint does not identify any provision of the FCRA that Plaintiff claims Citibank violated nor does the Complaint allege what conduct supposedly resulted in the violations; (2) there is no private right of action under the FCRA for the alleged furnishing of inaccurate credit information; and (3) Plaintiff fails to identify any facts establishing that Citibank somehow failed to comply with its duties under the FCRA to investigate any dispute regarding Plaintiff's account. Nor does the Complaint allege facts establishing that Citibank's conduct was "willful" under the FCRA or how Plaintiff arrived at a claim for $7,500.00.

Second, the Response does not dispute that federal law forbids Plaintiff's state law usury claims against Citibank. As detailed in the Motion, Plaintiff's challenge to the interest rate charged on his credit card account is barred by federal preemption under the National Bank Act, 12 U.S.C. § 21, et seq. (the "NBA"). Indeed, the NBA provides the exclusive cause of action for usury claims against a national bank and, thus, completely preempts any state law usury claims. See Motion at 5-9.

Simply put, Plaintiff fails to rebut the Motion on any substantive grounds and further fails to identify any manner in which the Complaint's allegations can be amended to state viable FCRA or usury claims. The Court should therefore grant the Motion in its entirety.

**D. The Response Identifies No Grounds On Which The Court Can Order Remand.**

To the extent Plaintiff purports to request that the Court remand this action to state court, Plaintiff's request must be denied. A court may remand an action to state court only on the grounds set forth in § 1447(c): (1) there was a defect in the removal procedure and the motion to

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

remand is made within 30 days after the filing of the notice of removal under section 1446(a); or (2) at any time before final judgment it appears that the district court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). Where, as here, jurisdiction exists and is properly invoked, the district court has no discretion to remand the case to state court. See Grote v. Trans World Airlines, Inc., 905 F.2d 1307, 1310 (9th Cir. 1990) (concluding that district court lacked discretion to remand state law claims that were completely preempted by federal law); accord Stoll v. Allstate Ins. Co., No. 02-CV-916J (JAH), 002 WL 31056802, at * 1 (S.D. Cal. Sept. 4, 2002).

The Response does not identify any jurisdictional deficiency authorizing remand. This Court appropriately has original jurisdiction over the action under 28 U.S.C. § 1331. Citibank was entitled to remove to the action to this Court pursuant to 28 U.S.C. § 1441(b) because the Complaint expressly alleges violations of the FCRA (see Complaint, SC-100, Item 3), claims that are created by, and arise under, federal law. Plaintiff's Response does not and cannot dispute that the FCRA claims expressly alleged in the Complaint are federal claims.

To the extent any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. §§ 1367 and 1441(c). Here, the Response does not assert any grounds for this court to decline to exercise supplemental jurisdiction over any state law claims. Not only do Plaintiff's usury claims fail as a matter of law, but they clearly arise under federal law and were properly removed. See Beneficial National Bank v. Anderson, 539 U.S. 1, 11, 123 S. Ct. 2058, 2064, 156 L. Ed. 2d 1 (2003) (holding that state court action, in which plaintiff sought damages from a national bank for allegedly charging excess interest in violation of usury laws, was properly removed because plaintiff's claim arose under federal law and "complete preemption" doctrine applied); cf. Discover Bank v. Vaden, 409 F. Supp. 2d 632, 636 (D. Md. 2006) ("Complete preemption applies when a party seeks recovery for excessive fees and interest of loans that were made by a national bank"). Because "the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed," Brown v. Southwestern Bell Tel. Co., 901 F.2d 1250, 1254 (5th Cir. 1990), no basis for remand exists.

Finally, there is no procedural defect upon which remand can be based, and Plaintiff's purported remand request is otherwise untimely. Citibank properly and timely removed this action from the small claims division of the Superior Court for the County of San Diego on October 19, 2007. Moreover, a "motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." Maniar v. FDIC, 979 F.2d 782, 785-86 (9th Cir. 1992) (failure to comply with the 30-day time limit deprives a district court of power to order a remand on the basis of a defect in removal procedure); Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995); 28 USCA § 1447(c). Here, the time to raise a procedural defect in Citibank's removal expired November 19, 2007; thus, any attempt to remand this action based upon a purported procedural deficiency not only is baseless, but untimely.

## III. CONCLUSION

Based upon the foregoing, and the reasons set forth in Citibank's Motion, Citibank respectfully requests that the Court grant its Motion to Dismiss the Complaint.

Dated: December 12, 2007

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
MARCOS D. SASSO
ALEXANDRIA R. KACHADOORIAN

By: [signature]
Marcos D. Sasso

Attorneys for Defendant
CITIBANK (SOUTH DAKOTA), N.A.,
erroneously sued as CITI BANK.

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
) ss
COUNTY OF SAN DIEGO )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

On December 12, 2007, I served the foregoing document(s) described as: **REPLY OF DEFENDANT CITIBANK (SOUTH DAKOTA), N.A. IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S RESPONSE TO CHANGE OF JURISDICTION** on the interested parties in this action as follows:

Geoffrey D. Levine (Pro Per)
2871 Madison Avenue
San Diego, CA 92116
Tel: (619) 261-6343

☐ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☒ **(VIA ELECTRONIC CASE FILING)** I filed electronically the documents listed above, using the United States District Court for the Southern District of California's electronic case filing service, on December 12, 2007. Counsel of record are registered to file electronically with this Court, and receive copies of the documents via e-mail from the Court to confirm filing.

☐ **(VIA FACSIMILE)** By causing such document to be delivered to the office of the addressee via facsimile.

☒ **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 12, 2007, at Los Angeles, California.

Lori Reed
[Type or Print Name]

Lori Reed
[Signature]