```
                                              FILED

                                         08 JAN 24 PM 4: 22

                                         CLERK, U.S. DISTRICT C...
                                         SOUTHERN DISTRICT OF CALIFORNIA

                                         BY:        /s/        DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GEOFFREY D. LEVINE, | CASE NO. 07CV2032 WQH (CAB) |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| vs. | |
| CITIBANK, | |
| Defendant. | |

HAYES, Judge:

    The matter before the Court is Defendant's Motion to Dismiss. (Doc. # 3). The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1).

## PROCEDURAL BACKGROUND

    On September 21, 2007, Plaintiff Geoffrey D. Levine filed a Claim and Order (Complaint) to proceed in the small claims division of the San Diego Superior Court against Defendant Citibank (erroneously identified in the Complaint as "Citi Bank"). (Doc. # 1). On October 19, 2007, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) based upon the Court's original jurisdiction over federal questions under 28 U.S.C. § 1331. (Doc. # 1). Defendant's basis for federal question jurisdiction was Plaintiff's claim for violation of the Fair Credit Reporting Act (FCRA). (Doc. # 1).

    On October 25, 2007, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to FED R. CIV. P. 12(b)(6). (Doc. # 3). On December 4, 2007, Plaintiff opposed the motion. (Doc. # 7).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges Defendant owes him $7,500 "due to multiple violations of the [FCRA]" and "deliberate misbilling at a userous 32% APR." *Complaint* at 3. Plaintiff seeks punitive damages "equal to defendant's arrogance," but does not otherwise state why he desires the sum of $7,500. *Compl.* at 3. Plaintiff alleges Defendant's actions took place in or around January, 2007. *Compl.* at 3. Plaintiff does not support his claims with specific factual allegations, nor does he describe precisely which section of the FCRA Defendant allegedly violated.[1]

## STANDARD OF REVIEW

FED R. CIV. P. 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED R. CIV. P. 8(a)(2). While the Federal Rules adopt a flexible pleading policy, every complaint must, at a minimum, "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Rasidescu v. Midland Credit Management, Inc.*, 435 F. Supp. 2d 1090, 1098-99 (S.D. Cal. 2006). When presented with a pro se complainant, the pleadings must be construed liberally, and the plaintiff must be given the "benefit of any doubt." *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002) (citations omitted). However, even a pro se complaint may be dismissed due to a "lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' for his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

A motion to dismiss under FED R. CIV. P. 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under FED R. CIV. P. 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965. Conversely, a complaint may not be

---

[1] Plaintiff originally filed this suit in the small claims division of the San Diego Superior Court, filling out a short form called a SC-100 "Claim and Order." (Doc. # 1, Exhibit A).

dismissed for failure to state a claim where the allegations plausibly show "that the pleader is entitled to relief." *Id.* (citing FED R. CIV. P. 8(a)(2)). In ruling on a motion pursuant to FED R. CIV. P. 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Robertson v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (9th Cir. 2001). In considering a FED R. CIV. P. 12(b)(6) dismissal, a court may not look beyond the complaint. *Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).

## DISCUSSION

Defendant Citibank moves to dismiss Plaintiff's Complaint pursuant to FED R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. # 3 at 1). Defendant further contends that the Complaint does not comply with FED R. CIV. P. 8 because Plaintiff's "vague and conclusory allegation" of "multiple violations of the [FCRA]" does not allege facts sufficient to put Defendant on fair notice as to the claims presented. (Doc. # 4 at 4). Defendant claims it was left to "guess as to what [Plaintiff] claims [Defendant] did wrong." (Doc. # 4 at 4).

A complaint satisfies FED R. CIV. P. 8 if it gives the Defendant fair notice of the basis for plaintiff's claims. *Bell Atlantic*, 127 S. Ct. at 1964. Plaintiff must, at a minimum, allege "sufficient facts . . . under a cognizable legal theory." *Balistreri*, 901 F.2d at 699. While the complaint does not need detailed factual allegations, a plaintiff must provide more than "labels and conclusions" as grounds for his entitlement to relief. *Bell Atlantic*, 127 St. Ct. at 1965.

### A. Failure to Give Defendant Fair Notice of Fair Credit Reporting Act Claim

After reviewing the Complaint, it is unclear exactly what wrong Plaintiff alleges under the FCRA. Plaintiff not only fails to cite any conduct by Defendant which allegedly violated the FCRA, but also fails to cite any specific provision of the FCRA which Defendant allegedly violated. Instead,

Plaintiff vaguely alleges "multiple violations of the [FCRA]." *Compl.* at 3.

Defendant attempts in its Motion to Dismiss to guess which provisions of the FCRA Plaintiff relies on in the Complaint. Defendant speculates that because it is a furnisher of credit information, Plaintiff is probably suing under 15 U.S.C. § 1681s-2, which regulates the responsibilities of credit furnishers. *See* 15 U.S.C. §§ 1681s-2(a) and (b). However, under FED R. CIV. P. 8, Defendant need not guess which provision of law Plaintiff is suing under, but instead must be put on fair notice of such claim(s). *See Bell Atlantic*, 127 S. Ct. at 1964. Because Plaintiff's vague allegations do not cite any provision of the FCRA which Defendant allegedly violated, and also do not allege any conduct by Defendant which allegedly violated the FCRA, they fail even the liberal pleading standard afforded to pro se plaintiffs. *See Balistreri*, 901 F.2d at 699. The Court concludes that Plaintiff has neither stated, nor put Defendant on notice of, a FCRA claim.

**B. Failure to Give Defendant Fair Notice of Usury Claim**

Plaintiff's second claim for excessive interest charges also fails the liberal pleading requirements of FED R. CIV. P. 8. Even though Plaintiff does allege "deliberate misbilling" at 32% APR, he does not explain how Defendant deliberately misbilled, and does not point to any law, state or federal, statutory or otherwise, which makes the alleged conduct improper. *Compl.* at 3. Moreover, Plaintiff does not allege why the alleged rate of 32% constitutes "misbilling." *Compl.* at 3.

Again, Defendant is left to guess under which law Plaintiff's claim derives. Defendant guesses that Plaintiff is suing under some state usury law, and argues that such a state law would be preempted under the National Bank Act (N.B.A.). *Memorandum of Points and Authorities* at 5-6. Since section 30 of the N.B.A. defers to the law of the state of the bank's location to determine the propriety of interest rates, *see* 12 U.S.C. § 30, and Defendant's location of South Dakota allows any interest rate agreed upon by the parties, Defendant argues its interest rate was proper under the N.B.A. *Memorandum of Pts. and Auth* at 9; *see* S.D. Codified Laws § 54-3-1.1.

Defendant need not argue the substance of a claim which it was never put on notice of. *See Bell Atlantic*, 127 S. Ct. at 1964. By claiming only that the rate of 32% was "userous," and that Defendant's alleged conduct was "deliberate," Plaintiff fails to put Defendant on fair notice of the claims against it. *Compl.* at 3. Instead, he merely pleads "labels and conclusions." *See Bell Atlantic*,

127 S. Ct. at 1965. Plaintiff fails to cite any law from which his claims derive. Without knowing which law is at issue, Defendant can do no more than guess how to defend itself. The Court concludes that Plaintiff has neither stated, nor put Defendant on notice of, a usury claim.

## CONCLUSION

Defendant's motion to dismiss (Doc. # 3) is GRANTED. In addition, Plaintiff's Complaint is dismissed in its entirety, but without prejudice.

When a complaint fails to comply with FED R. CIV. P. 8, a plaintiff should be given at least one opportunity to amend. *Bertucelli v. Carreras*, 467 F.2d 214, 215-216 (9th Cir. 1972). This is particularly true where, as here, Plaintiff originally filed the Complaint in the relatively informal confines of the small claims division of the San Diego Superior Court, and used a form complaint. (Doc. # 1, Exhibit A).

Plaintiff has thirty days from the date this Order is stamped "filed," to file and serve an Amended Complaint. *See* Local Civil Rules 4.1; 15.1. If Plaintiff fails to file an Amended Complaint within the time allowed, the Court will terminate this case with prejudice.

IT IS SO ORDERED.

DATED: 1/24/08

WILLIAM Q. HAYES
UNITED STATES DISTRICT COURT